UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SUPER EXPRESS USA PUBLISHING CORP., et al.,  MEMORANDUM
                        Plaintiffs,  AND ORDER
          - against -
                                                   13-CV-2814 (DLI) (JO)
SPRING PUBLISHING CORP., et al.,
                        Defendants.
-----------------------------------------------------------------------X

James Orenstein, Magistrate Judge:

       Plaintiffs Super Express USA Publishing Corp. and Presspublica Sp. z o.o. ask the court to sanction defendants Spring Publishing Corp. and Janusz Czuj ("Czuj") for their refusal to prepare for and engage in good faith negotiations at a settlement conference. Docket Entry ("DE") 85 (motion); *see* DE 85-1 (supporting affirmation of plaintiffs' counsel) ("Sabaj Aff."); Fed. R. Civ. P. 16(f).[1] Upon a referral from the Honorable Dora Lizette Irizarry, United States District Chief Judge, I now deny the motion.

       I assume the reader's familiarity with the factual and procedural background of this litigation, as set forth in the court's Opinion on the motion for summary judgment. *See* Opinion at 2-4. When the court granted the plaintiffs partial summary judgment on March 24, 2017, finding the defendants liable for copyright infringement, it directed the parties to schedule a settlement conference with me before litigating the amount of damages that should be awarded. *See id.* at 24-25. I then scheduled a conference at which I advised the parties I would expect them to engage in "[m]eaningful settlement discussions." Scheduling Order dated April 12, 2017.

       The parties appeared for an off-record settlement conference on May 12, 2017. The plaintiffs made a good faith initial settlement demand. The defendants' counsel responded with a

---

[1] The court has dismissed defendant Andrzej Czuj and plaintiff Repropol-Polish Association of Publishers. *See* Order dated Sept. 2, 2014; DE 72 (Opinion and Order resolving motion for summary judgment) ("Opinion") at 24.

minuscule offer that was essentially without value, and then noted that his client would not authorize any offer beyond a very small amount – one that I believed was so low as to suggest an unwillingness to engage in good faith settlement negotiations. In response to my questioning, Czuj said he believed he did not owe the plaintiffs anything, which I interpreted as a settlement position of zero. Based on the defendant's conduct I concluded he was "manifestly unwilling to engage in good faith settlement negotiations." DE 74 (minute entry).

The court lawfully compelled the parties to attend a pretrial conference for the purpose of facilitating settlement. *See* Fed. R. Civ. P. 16(a)(5). Where a party "is substantially unprepared to participate—or does not participate in good faith—in [such a] conference," Fed. R. Civ. P. 16(f)(1), the court may lawfully impose a variety of sanctions, including the reimbursement of the opposing party's reasonable costs and fees attributable to the noncompliance. *See* Fed. R. Civ. P. 16(f)(2).

I continue to believe that the defendants were unwilling to engage in good faith negotiations at the settlement conference. However, their pre-conference *ex parte* submission arguably alerted me to that fact. As a result, because the court has no power to coerce a settlement or force a party to accept any particular settlement position, *see Grenion v. Farmers Ins. Exch.*, 2014 WL 1284635, at *4 (E.D.N.Y. Mar. 14, 2014) (citing *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir.1985)), I arguably could and should have cancelled the settlement conference and thereby prevented the plaintiffs from incurring any needless expenses. Such "circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Moreover, even if some reimbursement were justified, I would award far less than the excessive amount of $15,975.00 the plaintiffs seek. The plaintiffs seek to charge the defendants for 27.3 hours of attorney time to prepare for the settlement conference, and another 8.2 hours to prepare the fee application, all at the hourly rate of $450.00 (they also seek $45.00 in unspecified costs). *See* Sabaj Aff. ¶ 23. The rate counsel claims is at the top of the range of rates normally

2

approved for experienced law firm partners in this district, and the plaintiffs' counsel does nothing to justify it. Nor does he explain why all of the work should be compensated at such a rate despite his admission that "the legal services" for which the plaintiffs seek reimbursement "were either performed by me *or by persons acting under my supervision*." *Id.* ¶ 24. It is also hard to understand how counsel could devote so much time to preparing for a settlement conference – or at least, to understand how such work would be useful only to prepare for a settlement conference. Given that the case did not settle, I assume that much of the work counsel performed to prepare to negotiate settlement in a case where the only remaining issue was an assessment of damages on the copyright claims was necessary and useful preparation for the later litigation of the damages issue.

Thus, to the extent I might consider some award, it would be only a fraction of the amount that the plaintiffs now seek. And that in turn leads to another reason why an award of fees and costs would be unjust. As I explain in a separately filed Report and Recommendation on the damages issue, I conclude that the plaintiffs are entitled to an award of statutory damages that, while the minimum amount permitted by law, nevertheless far exceeds any actual damages they may have incurred. *See* DE 88 at 12. Requiring the defendants to add to that windfall by reimbursing the plaintiffs for some of their litigation costs is another circumstance that would "make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Accordingly, for the reasons set forth above, I deny the plaintiffs' motion for sanctions.

SO ORDERED.

Dated: Brooklyn, New York
February 23, 2018

                                                                                                                                /s/
                                                                    James Orenstein
                                                                    U.S. Magistrate Judge