```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SUPER EXPRESS USA PUBLISHING CORP.           :
on its own behalf,                            :       **MEMORANDUM AND ORDER
                                              :       PARTIALLY ADOPTING
SUPER EXPRESS USA PUBLISHING CORP             :       REPORT AND
as assignee of the rights of PRESSPUBLICA     :       RECOMMENDATION**
SP. Z O.O., and                               :       13-CV-2814 (DLI)(JO)
                                              :
PRESSPUBLICA SP. Z O.O.,                      :
                                              :
                           Plaintiffs,        :
        -against-                             :
                                              :
SPRING PUBLISHING CORP. d/b/a POLSKA          :
GAZETA and JANUSZ CZUJ,                       :
                                              :
                           Defendants.        :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiffs Super Express USA Publishing Corporation and Presspublica SP. Z O.O. ("Plaintiffs") assert copyright infringement claims against Spring Publishing Corporation ("Spring"), doing business as Polska Gazeta, and Janusz Czuj ("Defendants"). *See generally*, Amended Complaint ("Am. Compl."), Dkt. Entry No. 36. On March 24, 2017, the Court granted Plaintiffs' motion for summary judgment as to their copyright infringement claims and instructed Plaintiffs to file a motion for damages should settlement discussion be unsuccessful. *See Super Express USA Publ'g Corp. v. Spring Publ'g Corp.*, 2017 WL 1274058, at *11-12 (E.D.N.Y. Mar. 24, 2017).

Also on March 24, 2017, the Court reinstated Plaintiffs' previously filed motion for default judgment against Spring, which had been referred to the Honorable James Orenstein, U.S. Magistrate Judge, for a Report and Recommendation ("R&R"). *See* Minute Entry dated Mar. 24, 2017 (referring Plaintiffs' motion for default judgment); Mem. of Law In Support of Mot. for

Default Judgment ("Default Mot."), Dkt. Entry No. 54-2; Mem. of Law In Support of Default Judgment ("Default Mem."), Dkt. Entry No. 59-2; Mem. of Law in Opp'n to Mot. for Default Judgment ("Default Opp'n"), Dkt. Entry No. 61; Reply in Support of Motion for Default Judgment ("Default Reply"), Dkt. Entry No. 64-2.

On May 26, 2017, after unsuccessful settlement discussions, Plaintiffs filed a motion for damages. *See* Mem. of Law in Support of Mot. for Damages ("Damages Mot."), Dkt. Entry No. 75. Defendants opposed Plaintiffs' damages motion. *See* Mem. in Opp'n to Pls.' Mot. for Damages ("Damages Opp'n"), Dkt. Entry No. 84. Plaintiffs filed a reply in further support of their damages motion. *See* Reply Mem. of Law in Support of Damages ("Damages Reply"), Dkt. Entry No. 86. On October 12, 2017, the Court referred Plaintiffs' damages motion to Magistrate Judge Orenstein for an R&R.

On February 23, 2018, the magistrate judge issued his R&R on both referred motions, recommending that the Court grant Plaintiffs' motion for default judgment against Spring, enter judgment against the Defendants jointly and severally in the amount of $155,250, and dismiss all remaining claims. *See* R&R, Dkt. Entry No. 88, at 1. Defendants timely filed objections to the R&R. *See* Defs.' Objs. to R&R ("Objs."), Dkt. Entry No. 90. Plaintiffs did not respond to Defendants' objections. For the reasons set forth below, Defendant's objections are overruled in part, sustained in part, and the remainder of the R&R is adopted as modified.

## DISCUSSION[1]

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which the party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States*

---

[1] The Court assumes the parties' familiarity with the facts as set out in the R&R and the Court's Memorandum and Opinion granting partial summary judgment to Plaintiffs. *See* R&R at 2; *Super Express*, 2017 WL 1274058, at *1-2.

*v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5390120, at *1 (E.D.N.Y. Sept. 26, 2016) (citations and internal quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (citation and internal quotation marks omitted).

After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Where a party does not object to a portion of the R&R, the court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen Corp.*, 967 F. Supp.2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)).

I. **Defendants' Objections**

Defendants object to the R&R on three grounds: (1) Plaintiff has not established exclusive copyright ownership, as required by the Copyright Act; (2) statutory damages are unavailable

because Plaintiffs have not registered their foreign copyrights, and the absence of U.S. copyright registration bars recovery of statutory copyright damages; and (3) the R&R incorrectly recommends that the Court grant summary judgment to Plaintiffs when there are disputed issues of fact as to the licensing value of the infringed articles, which the R&R references as an approximation for actual damages. Objs. at 1-2. The Court will address each of these objections in turn.

### A. Copyright Ownership

Defendants contend that Plaintiffs' own evidence demonstrates that they held a non-exclusive right to publish the infringed articles, which is insufficient since, under the Copyright Act, infringement claimants must have exclusive copyright ownership. *Id.* at 2-3. In support of their argument, Defendants point to the language of the Model Employment Contract (Dkt. Entry No. 75-12 (sample contract); Dkt. Entry No. 75-13 (English translation of sample contract)), in which the employee agrees that "he will not exercise his copyrights in a way that could restrict the freedom of use of press material by Employer." *Id.* (quoting Model Employment Contract). Defendants construe this language as providing the employee a right to exercise his or her copyright, thus rendering Plaintiffs' copyrights non-exclusive. *Id.* at 3 (emphasis added) ("The author's shared right to publish the copyrighted articles makes the copyright rights of the newspaper *non*-exclusive.").

Defendants presented the identical argument to the magistrate judge. In their opposition to Plaintiffs' motion for damages, Defendants argued that "Plaintiffs' evidence affirmatively shows that plaintiff has failed to meet the threshold requirement" of an exclusive copyright. *See* Damages Opp'n at 2-3 ("[T]he author retains 'his copyrights' [under the Model Employment Contract] and . . . [t]his is the opposite of a transfer of an exclusive economic right in the author's work."). The magistrate judge rejected this argument, finding that the "standard contract explicitly

assigns to Presspublica the copyright ownership of the employed journalist's work." R&R at 6. Defendants' rehashing of arguments previously raised before the magistrate judge is insufficient to warrant *de novo* review. *Rolle*, 2014 WL 4662267, at *1. Finding no clear error in the R&R as to copyright ownership, Defendants' objection is overruled.

### B. Statutory Damages

Defendants next contend that the magistrate judge erred in recommending an award of statutory damages, which are neither available nor sought by Plaintiffs. Objs. at 4. Specifically, Defendants claim that, since Plaintiffs failed to register any of the works at issue with the U.S. Copyright Office, statutory damages are unavailable, and although Plaintiffs initially sought statutory damages, they have abandoned that claim in favor of actual damages. *Id.*

The crux of Defendants' argument before the magistrate judge in opposing Plaintiffs' damages motion was that Plaintiffs were barred as a matter of law from making a late-in-the-game switch from seeking statutory damages to seeking actual damages. *See* Damages Opp'n at 4 (quoting *Twin Peaks Prods., Inc. v. Publ'g Int'l Ltd.*, 996 F.2d 1366, 1380 (2d Cir. 1993)) ("'Once a plaintiff has elected statutory damages, it has given up the right to seek actual damages.'"). Noting an exception to the rule where the change was early in the litigation and posed no prejudice to defendants, the magistrate judge declined to apply the exception and recommended that Plaintiffs be held to their initial election of statutory damages. R&R at 8-9 ("I conclude that the court should award statutory rather than actual damages . . . ."). Specifically, the magistrate judge recommended an award of statutory damages based on (1) Plaintiffs' late attempt to change its election and "too little evidence of actual damages to fit comfortably within the narrow exception carved out in prior cases" and (2) a lack of prejudice to Plaintiffs in awarding statutory damages. *Id.* at 9 (noting that Plaintiffs' change of heart "comes too late" and "an award of damages does not prejudice the plaintiffs").

5

Although the R&R seemingly adopted Defendants' argument that statutory damages were appropriate under the circumstances,[2] Defendants contend that the R&R overlooked their argument in opposition to Plaintiffs' motion for default judgment that statutory damages for copyright infringement are not available for unregistered foreign works. *See* Default Opp'n at 4-5 (quoting *The Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 633 F. Supp.2d 159, 162 (S.D.N.Y. 2009)) ("Section 412 [of the Copyright Act] has no exception excusing foreign works from its mandate: it requires registration to obtain statutory damages for both domestic and foreign works."); *Id.* at 3 ("Statutory damages are not authorized for works that have not been registered with the U.S. Copyright Office."). While ordinarily courts decline to entertain arguments previously made before the magistrate judge, the Court finds that Defendants' argument is properly asserted and addresses it below. *Moss*, 845 F.3d at 519 n.2 (quoting *Watson*, 2013 WL 5441748, at *2) (noting that sometimes "'the only way for [a party] to raise . . . arguments [is] to reiterate them'").

As this Court has previously held, "'the Berne Convention does not require the owner of a foreign copyright to register in the United States before seeking redress for infringement of works originating in foreign nations . . . that are signatories to the convention.'" *Super Express*, 2017 WL 1274058, at *9 (quoting *Sadhu Singh Hamdad Trust v. Ajit Newspaper Advert. Mktg. & Commc'ns, Inc.*, 503 F. Supp.2d 577, 584 (E.D.N.Y. 2007)). Since the infringed works originated in Poland, a signatory to the Berne Convention, registration with the U.S. Copyright Office is not required in order to pursue copyright protection. *Id.* ("[T]he news articles . . . originated in Poland and, therefore, do not require copyright registration . . . .").

---

[2] The R&R explicitly did not recommend that actual damages were precluded or inappropriate. *See* R&R at 10 ("I do not mean to suggest that the court would err by awarding actual, rather than statutory damages.").

Although the Berne Convention saves owners of foreign copyrights from registering in the United States before bringing suit, failing to register precludes certain remedies. Under Section 412 of the U.S. Copyright Act, "no award of statutory damages or of attorney's fees[3] . . . shall be made for . . . any infringement of copyright in an unpublished work commenced before the effective date of its registration." 17 U.S.C. § 412. Therefore, unregistered foreign copyright holders can bring infringement claims, but they may only seek actual damages. *See The Football Ass'n*, 633 F. Supp.2d at 164 ("[O]ne could bring an infringement suit (although not obtain statutory damages) based on an unregistered foreign Berne Convention work."); *See also Haddley v. Next Chapter Tech. Inc.*, 2017 WL 1483333, at *3 n.6 (D. Minn. Apr. 25, 2017) (citing 17 U.S.C. § 412; *The Football Ass'n*, 633 F. Supp.2d at 162) ("The holder of a foreign copyright does not need to register before filing suit, unless he is seeking statutory damages or attorney fees.").

Here, Plaintiff does not allege that the foreign copyrights at issue are registered. *See* Am. Compl. at ¶ 29 ("Protection for intellectual property originating in Poland . . . is found within Polish laws, and does not require any registration . . . ."); *Id.* at ¶ 30 ("Such protection extends to the territory of the USA pursuant to the Berne Convention . . . ."). In declining to register their copyrights, Plaintiffs foreclosed the possibility of statutory damages. 17 U.S.C. § 412. Accordingly, Defendants' objection that the magistrate judge erred in awarding statutory damages is sustained. The R&R is modified to the extent that statutory damages are precluded because the foreign copyrights were not registered with the U.S. Copyright Office.

The Court finds no clear error in the R&R's recommendations against an award of actual damages and denying Plaintiffs' request to amend their election to pursue actual damages. *See*

---

[3] Defendants contend that attorney's fees are not available to Plaintiffs. Objs. at 6. This issue is not properly before the Court on this motion, and, therefore, the Court declines to address Defendants' argument. However, the Court notes that, as discussed above, by failing to register their copyrights in the United States, Plaintiffs are not only precluded from being awarded statutory damages, but they also are not entitled to recover attorney's fees.

R&R at 10 ("I recommend against an award of actual damages."). Although Plaintiffs insist that Defendants will not be prejudiced by the election change, and that they are not seeking the change "on the eve of trial," (Default Reply at 7), as the magistrate judge noted, the change "comes too late." R&R at 9. While the plain language of 17 U.S.C. § 504 permits a copyright plaintiff to elect to seek statutory or actual damages "at any time before final judgment," in practice, courts interpret this right much more narrowly. *See, e.g.*, *Marano v. Aaboe*, 2010 WL 6350785, at *4 (S.D.N.Y. Oct. 20, 2010), *report and recommendation adopted by* 2011 WL 1157553 (S.D.N.Y. Mar. 28, 2011) (precluding plaintiff from changing election during default damages judgment briefing); *Homkow v. Musika Records, Inc.*, 2008 WL 508597, at *4 (S.D.N.Y. Feb. 26, 2008) (election of statutory damages in amended complaint and during damages inquest precluded later pursuit of actual damages).

Here, similar to *Marano*, Plaintiffs sought statutory damages in their motion for default judgment and only sought to pursue actual damages only after Defendants argued that statutory damages are unavailable. *See* Default Mot. at 11 ("Plaintiffs seek statutory damages under the Copyright Act . . . ."); Default Reply at 8 ("Plaintiffs should be allowed to amend their election to seek actual damages."); *Marano*, 2010 WL 6350785, at *4 (precluding change of election). Plaintiffs' election appears to be less of a strategic decision and more out of necessity. As Plaintiffs concede in their motion for damages, "Plaintiffs are unable to show out-of-pocket losses." Damages Mot. at 3; R&R at 9 (citing Damages Mot. at 3) ("[P]laintiffs have adduced no evidence of any actual losses or of the defendants' profits – they acknowledge that they cannot do so."). The absence of actual damages does not require an award of statutory damages. Accordingly, notwithstanding that statutory damages are unavailable for unregistered foreign copyrights, and given both the late timing of Plaintiffs' request and the lack of evidence of actual damages,

8

Plaintiffs' election stands. The recommendation that Plaintiffs be denied the opportunity to change their election is adopted.

### C. Amount of Damages

Finally, Defendants contend that the R&R erred in recommending that actual damages—which the R&R recommends against awarding—*could* be approximated in the amount of $51,750, or $250 for each of 207 infringed articles, because there is a material issue of fact as to the value of the licensing fees the infringed articles might garner. *See* Objs. at 7-9 ("[T]he Report recommends an award of $250 per article if actual damages could [be] awarded."), R&R at 12 ("I respectfully recommend a statutory damages award . . . ."). Although the magistrate judge concluded that Plaintiffs could not show actual damages, he calculated the above figure, to which Defendants take exception, based on evidence submitted of hypothetical licensing fees charged for the Plaintiffs' articles. *See* R&R at 11-12 (noting that the hypothetical licensing fees are a "useful starting point," but "far too speculative to serve as a basis for awarding damages" and there is nothing to suggest that Plaintiffs "would have secured" the licensing fees submitted to the Court). Considering that the R&R recommends against awarding actual damages, and only discussed an approximation of actual damages in fashioning an appropriate statutory damages figure, the Court finds this objection puzzling. It is overruled.

### D. Remaining Recommendations

Defendants specifically did not object to the magistrate judge's recommendations that: (1) damages be assessed against all Defendants; (2) the Court find Plaintiffs abandoned their additional claims for violations of the Digital Millennium Copyright Act, misappropriation and fraud, unjust enrichment, unfair and deceptive practices, false designation of origin, and unfair competition; and (3) the Court find that Super Express failed to show ownership of any copyrighted material. Objs. at 1. Finding no clear error, the Court adopts those portions of the

9

R&R to which there are no objections. *Galvez*, 967 F. Supp.2d at 617 (quoting *Reyes*, 2003 WL 76997, at *1).

## **CONCLUSION**

Upon due consideration and review, for the reasons discussed above, Defendant's objections to the R&R are overruled in part and sustained in part, and the remainder of the R&R is adopted and modified as follows: Defendants' objection with respect to the magistrate judge's recommendation that Plaintiffs had not shown exclusive copyright is overruled; Defendants' objection with respect to the magistrate judge's recommendation that the Court award statutory damages is sustained; and Defendants' objection to the magistrate judge's determination that hypothetical licensing fees provide some approximation of actual damages is overruled in light of the recommendation that the Court not award actual damages. The R&R is adopted in all other respects and modified to the extent that no statutory damages are awarded to Plaintiffs. In sum, Plaintiffs will not be awarded damages. However, Plaintiffs are entitled to injunctive relief. As such, they are to submit for the Court's approval and endorsement a Permanent Injunction on or before April 30, 2018.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2018

                                                                        /s/
                                              DORA L. IRIZARRY
                                                  Chief Judge